IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 JAN 24  A 10: 32

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | *  *  * |
| Plaintiffs | * |
| v. | *   CIVIL NO. JKB-11-2117 |
| H.C. ACKERMAN & SON, INC., | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The International Painters and Allied Trades Industry Pension Fund, the Painters and Allied Trades Labor Management Cooperation Initiative, and Gary J. Myers (collectively "Plaintiffs") brought this suit against H.C. Ackerman & Son, Inc. ("Defendant") for alleged breach of contract and violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). The Clerk has entered an order of default against Defendant (ECF No. 9) and Plaintiff now moves for default judgment (ECF No. 8). The issues have been briefed by the Plaintiffs and, while there has been no response from the Defendant, no hearing is required. Local Rule 105.6. For the reasons explained below, Plaintiff's Motion for Default Judgment (ECF No. 8) is GRANTED.

I.   BACKGROUND

Defendant is a party to a collective bargaining agreement ("Labor Contract") with District Council 91 of the International Union of Painters and Allied Trades, AFL-CIO, CLC

1

("IUPAT"), whose members it employs. The Labor Contract requires Defendant to make monthly contributions to three different beneficiaries for time worked by or paid to IUPAT workers. (Labor Contract, ECF No. 1-1, Ex. 1). Those beneficiaries are: (1) the IUPAT Industry Pension Fund ("the Pension Fund"); (2) the Finishing Trades Institute, a/k/a IUPAT Joint Apprenticeship and Training Fund ("FTI"); and (3) the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"). (Compl. ¶¶ 4, 7, ECF No. 1); (Labor Contract § 2, ECF No. 1-1, Ex. 1). The Pension Fund and FTI are trust funds established under 29 U.S.C. § 186(c)(5), and LMCI is an unincorporated employer association established under 29 U.S.C. § 186(c)(9). (Compl. ¶¶ 4, 8, 9, ECF No. 1). Defendant is also a party to the Agreement and Declaration of Trust ("Trust Agreement") that establishes the Pension Fund. (Trust Agreement, ECF No. 1-2. Ex. 2). The Trust Agreement incorporates by reference the Rules and Regulations of the IUPAT Industry Pension Plan ("the Pension Plan" or "Plan Rules"). The Pension Fund and Gary Meyers are the authorized collection fiduciaries and agents of the Pension Plan, FTI and LMCI. (Compl. ¶ 7).

Plaintiffs allege that between July of 2010 and June of 2011, Defendant failed to pay at least $33,483.75 that it owed in contributions. (Compl. ¶ 18). On August 1, 2011, Plaintiffs filed this suit seeking: (1) to recover the unpaid contributions as well as liquidated damages, interest, attorney's fees, and costs; (2) an injunction ordering Defendant to submit to an audit; and, (3) recovery of any other unpaid contributions discovered during the audit. Plaintiffs served Defendant with a summons and copy of the complaint on October 8, 2011. (Summons/Proof of Service, ECF No. 5). Defendant failed to file an answer or otherwise respond within 21 days of service, and the Court ordered Plaintiffs to file motions for entry of default and for default judgment. (Order, ECF No. 6). Plaintiffs filed both motions, and the Clerk entered an order of

default against Defendant on December 12, 2011. (Clerk's Entry of Default, ECF No.9). The Court now considers Plaintiffs' Motion for Default Judgment (ECF No. 8).

## II. LEGAL STANDARD

In reviewing a motion for default judgment, the court accepts as true the well-pled factual allegations in the complaint with regard to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Default alone, however, does not establish liability; rather, the court must determine as a matter of law whether the plaintiff's well-pled factual allegations entitle him to the relief he seeks. 10A CHARLES ALAN WRIGHT, *ET AL.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. Supp.2010); *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If the court determines that liability exists, then it must determine the proper amount of damages. In this regard, the court does not accept the plaintiff's allegations as true, but instead must make an independent determination. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). If the record does not contain sufficient evidence to determine damages, the court may conduct a hearing to determine a proper award. FED. R. CIV. P. 55(b)(2)(B).

## III. ANALYSIS

### A. Liability

Plaintiffs allege two causes of action. First, the Pension Fund and Meyers (on behalf of the Pension Plan and FTI) and LMCI (on its own behalf) allege that Defendant breached the terms of the Labor Contract and the Trust Agreement by failing to make all of its required contributions during the period of July 2010 to June 2011, and that this breach constitutes a violation of § 185 of the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.* ("LMRA"). The Court agrees.

The LMRA confers jurisdiction on United States district courts to hear suits for violations of contracts between employers and labor organizations in "industr[ies] affecting commerce." 29 U.S.C. § 185(a). Plaintiffs have standing as intended third-party beneficiaries to bring such an action to enforce the Labor Contract and to seek remedies for its breach. *See Hook v. State of Ariz. Dept. of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992) (citing RESTATEMENT (SECOND) OF CONTRACTS: CREATION OF DUTY TO BENEFICIARY § 304 (1981)) ("parties to an agreement have the power to create enforcement rights in non-parties."); *see also Bd. of Tr. of Chicago Plastering Inst. Pension Trust Fund v. William A. Duguid Company*, 761 F.Supp. 1345, 1348 n.2 (beneficiaries of collective bargaining agreements have standing to sue under LMRA."). As further explained, *infra*, the well pled facts in Plaintiff's complaint and subsequent affidavits establish that between July 2010 and June 2011, Defendant was contractually obligated under the Labor Contract to pay $33,483.75 in contributions to the Pension Plan, FTI, and LMCI, and that it failed to do so. Plaintiffs have therefore proven liability for breach of the Labor Contract.

Second, the Pension Fund (on behalf of the Pension Plan and FTI) alleges that Defendant's breach of the Labor Contract, described above, also violated § 1145 of ERISA. The Court agrees. Section 1145 creates an independent federal statutory obligation for employers to honor any obligations they may have to make contributions to multiemployer plans. 29 U.S.C. § 1145. Thus, Defendant's breach of the Labor Contract with respect to the Pension Plan and FTI[1] also constitutes a violation of ERISA. *Hudson County Carpenters Local Union No. 6 v. V.S.R. Construction Corp.*, 127 F.Supp.2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § [1145] and a violation of LMRA § [185].").

---

[1] Only the Pension Plan and FTI are "multiemployer plans" within the meaning of ERISA.

4

## B. Damages

Having determined that Plaintiffs have proven liability, the Court must now undertake an independent determination of the damages to which they are entitled. With respect to unpaid contributions, the Labor Contract and ERISA both provide for the following mandatory remedies:

(A) recovery of the unpaid contributions;

(B) interest on the unpaid contributions (at the rate for underpayment of federal income taxes under IRC 6621);

(C) liquidated damages equal to the greater of--

(i) interest on the unpaid contributions, or

(ii) 20 percent of the unpaid contributions;

(D) reasonable attorney's fees and costs of the action; and

(E) such other legal or equitable relief as the court deems appropriate.

(Labor Contract, Art. XX § 4, ECF No. 8-5, Ex. 2); (Plan Rules § 10.12(a)-(b), ECF No. 1-3, Ex. 3); 29 U.S.C. § 1132(g)(2). The Court will address each remedy in turn.

### 1. Unpaid Contributions

To prove their damages, Plaintiffs rely on the affidavit of Thomas Montemore, the Assistant to the Fund Administrator of the IUPAT Pension Fund, which presents the following table showing Mr. Montemore's assessment of the amounts Defendant owes:

| Fund | Contributions | Interest | Liquidated Damages | Legal Costs and Fees | TOTAL |
|---|---|---|---|---|---|
| Pension Plan | 32,720.14 | 964.12 | 6,544.03 | 6,928.26 | 47,156.55 |
| FTI | 381.81 | 12.29 | 76.36 | - | 470.46 |
| LMCI | 381.81 | 12.29 | 76.36 | - | 470.46 |
| TOTAL | 33,483.75 | 988.70 | 6,696.75 | 6,928.26 | **48,097.47** |

Mr. Montemore testifies that the amounts listed in the "Contributions" column reflect the amounts that Defendant owed and failed to pay during the period of July 2010 through July 2011. He explains that these figures are based on remittance reports that Defendant submitted to Plaintiffs for the months of July 2010 through May 2011, showing the contributions due for those months. He further explains that because Defendant did not submit a remittance report for June 2011, Plaintiffs have had to estimate the amount of contributions due for that month. *Id.* To do this, Plaintiffs calculated the average of the hours Defendant reported in the three previous months and multiplied that average by the applicable contribution rate. This method of estimating contributions in the absence of a remittance report has been approved by other courts. *See, e.g., Int'l. Painters and Allied Trades Indus. Pension Fund v. LaSalle Glass & Mirror*, 267 F.R.D. 430, 434 (D. D.C. 2010). The Court finds this evidence adequate to establish the amount of unpaid contributions that Plaintiffs are entitled to collect.

### 2. Interest

The Labor Contract prescribes an interest rate equal to "the rate for underpayment of federal income taxes under IRC 6621." (Plan Rules § 10.12(b)(2), ECF No. 1-3, Ex. 3). ERISA provides for accrual of interest at the rate provided for in the relevant multiemployer plan. 29 U.S.C. § 1132(g)(2). Plaintiffs are therefore entitled to interest at the rate prescribed in 26 U.S.C. § 6621. Mr. Montemore's affidavit states that the amounts listed in the "Interest" column of the table, *supra*, were calculated using this rate. (Montemore Aff. ¶ 8). The Court finds this evidence adequate to establish the interest that Plaintiffs are entitled to collect.

### 3. Liquidated Damages

Section 10 of the Plan Rules mirrors § 1132(g)(2) of the ERISA in providing for liquated

6

damages equal to the greater of: (1) accrued interest on unpaid contributions; or (2) twenty percent (20%) of the unpaid contributions. In this case, the accrued interest on Defendant's unpaid contributions is less than 20% of the principal. Plaintiffs have therefore calculated their liquidated damages at 20% of the outstanding contributions as shown in the "Liquidated Damages" column of the table, *supra*. (Montemore Aff. ¶ 8). The Court finds this evidence adequate to establish the liquidated damages that Plaintiffs are entitled to collect.

### 4. Attorney's Fees and Costs

Both the Labor Contract and ERISA mandate the award of "reasonable" attorney's fees. (Plan Rules § 10.12(a)-(b), ECF No. 1-3, Ex. 3): 29 U.S.C. § 502(g)(2)(D). Because neither the contract nor the statute set forth specific criteria for reasonableness, the Court must make a lodestar calculation by multiplying the reasonable number of hours worked by a reasonable hourly fee. *See Blum v. Stevenson*, 465 U.S. 886, 888 (1984); *Gisbrecht v. Barnhart*, 532 U.S. 789, 801-02 (2002). In accordance with Rule 109.2 and Appendix B of the Local Rules, counsel for Plaintiffs have submitted an affidavit with an attached timesheet detailing the hours they worked and the costs they incurred in litigating this case. (Counsel Aff., ECF No. 8-6, Ex. 3); (Time & Expense Detail, ECF No. 8-7, Ex. 4). These documents state that counsel have a special fee schedule with Plaintiffs that includes a $220/hour rate for attorneys and a $70/hour rate for paralegals and clerks. (Counsel Aff. ¶ 4, ECF No. 8-6, Ex. 3). The attached timesheet reflects 28 hours worked by four attorneys, one paralegal, and one legal assistant, plus costs for filing fees, photocopies, computer research, postal charges, and special delivery, for a total of $ 6,928.26. (Time & Expense Detail, ECF No. 8-7, Ex. 4). The Court finds that these fees and costs are reasonable.

### 5. Equitable Relief

Finally, Plaintiffs are entitled to receive any other legal or equitable relief that the Court deems appropriate. Plaintiffs have requested such relief in the form of an injunction requiring Defendant to submit to an audit. The Court finds that this relief is appropriate because Defendant is already obliged to submit to an audit under the terms of the Labor Contract, (Labor Contract Art. XX §3), and because the audit is necessary to enable Plaintiffs to determine the precise amounts Defendant owes in unpaid contributions as well as to obtain information about individual participants' benefits eligibility, (Montemore Aff. ¶¶ 9-10). *See also Flynn v. Mastro Masonry Contractors*, 327 F.Supp.2d 66, 70 (D.D.C. 2002) ("ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate. This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.").

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING Plaintiffs' Motion for Default Judgment (ECF No. 8), ENTERING JUDGMENT in favor of Plaintiffs and against Defendant in the amount of $41,169.20, AWARDING to Plaintiffs $6,928.26 in legal fees and costs, and ENJOINING Defendant to submit to an audit of its books and records.

Dated this 23rd day of January, 2012

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge